IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KENNETH K. NAKAMOTO, | ) | CIV. NO. 11-00455 SOM/KSC |
|---|---|---|
| | ) | CR. NO. 92-01199 ACK |
| Plaintiff, | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| ALAN C. KAY; PROBATION OFFICER, U.S.; UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

This court has received a memorandum from the Ninth Circuit indicating that Kenneth Nakamoto's appeal to the Ninth Circuit is stayed "pending the district court's determination on the certificate of appealability." Because this court was uncertain whether Nakamoto's filing was indeed a motion under 28 U.S.C. § 2255, and because this court made no ruling on the merits of Nakamoto's filing, this court did not earlier address the issue of a certificate of appealability. This court is uncertain whether the Ninth Circuit is now deeming Nakamoto's filing to have been submitted under § 2255, a matter that may be important to Nakamoto, as (absent a Ninth Circuit certification) such a ruling might preclude him from being able to file a later § 2255 challenge to a revocation ruling entered on March 2, 2011, even though the one-year statute of limitation has not yet run.

In any event, to address the Ninth Circuit's memorandum, this court states that, if 28 U.S.C. §§ 2255 and 2253

are applicable to this case (a matter the district court did not decide), then this court declines to issue a certificate of appealability in connection with Nakamoto's appeal from the order denying the motion he filed in the district court on July 19, 2011.

This court recognizes that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The court shall issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This court made no ruling on the merits of Nakamoto's motion. However, to the extent the Ninth Circuit is deeming a certificate of appealability necessary, this court states that reasonable jurists would not find this court's ruling denying Nakamoto's motion debatable or wrong.

Nakamoto commenced the present action on July 19, 2011, by filing a document with the title "Motion to Vacate Judgment of

2

Civil Commitment under Rule 60(b) and 60(d)(3) Fed. R. Civ. P. under The Entire U.S. Constitution and Under the United Nations Treaty and United States Participation Act of 1945 [Never Rescinded an [sic] Ratified into U.S. Law by Pres. Truman and U.S. Senate-U.C.C." The court noted that Nakamoto appeared to be challenging rulings made in a criminal case in this district in which he had been indicted for bank robbery. Following a bench trial in that criminal case, the late Judge Harold Fong (erroneously identified in the court's earlier order as having been Judge Alan C. Kay, who handled only later revocation proceedings in Nakamoto's criminal case) found Nakamoto not guilty by reason of insanity. Nakamoto was committed to the custody of the Attorney General for hospitalization and treatment at a suitable medical facility. In the Fall of 1994, Judge Fong ordered Nakamoto released subject to enumerated conditions. Nakamoto had his release revoked several times, most recently on February 23, 2011, as documented in an order entered by the Honorable Alan C. Kay filed on March 2, 2011. In connection with the 2011 revocation proceeding, Nakamoto, represented by counsel, admitted to several violations of a conditional release condition. Judge Kay ordered Nakamoto returned to the Federal Medical Center in Springfield, Missouri. Nakamoto took no appeal from Judge Kay's order.

Although Nakamoto's "Motion to Vacate Judgment of Civil Commitment" referred to Judge Kay, it also referred to Judge Kay's purported actions during trial, making it unclear to the present judge whether Nakamoto was challenging the original civil commitment order. Adding to the lack of clarity in Nakamoto's motion was his reference to Rule 60 of the Federal Rules of Civil Procedure. On July 28, 2011, this court issued its "Order Seeking Clarification of July 19, 2011, Filing." That order asked Nakamoto to clarify the basis of his motion and to indicate whether, notwithstanding his reference to Rule 60 of the Federal Rules of Civil Procedure, he was seeking relief under 28 U.S.C. § 2255. Uncertain whether Nakamoto might be challenging the original commitment ruling from the early 1990s, the court also directed Nakamoto, if he was proceeding under § 2255, to address why a § 2255 petition was not time-barred. Because the court was conscious that an incorrect determination by it that Nakamoto was proceeding under § 2255 might unwittingly prejudice Nakamoto by causing a court to dismiss as a successive and unauthorized petition a later filing intended by him to be his first petition, the court expressly stated in the order, "The court is willing to construe that filing as a petition under § 2255, but only if Nakamoto indicates that he desires this court to do so." The order gave Nakamoto a deadline of August 24, 2011, to clarify his motion.

On August 12, 2011, the court received from Nakamoto what he called his "Exceptions and Response." Instead of indicating whether he wanted his motion deemed a request for relief under § 2255, Nakamoto asserted, "All U.S. authorities and all U.S. laws are null and void--nullified--invalid due to the signing and ratifying (U.N. Treaty and U.N. Participation Act of 1945) into American Law . . . . . by the late U.S. President Mr. Harry S Truman and U.S. Senate jointly in 1945--well kept top secret--etc.!" Nakamoto further stated that, "if necessary," he would "duly appeal to the Ninth Circuit Court(s) and U.S. Supreme Court of America and U.N. World Court and International Criminal Court--both in at The Hague-Netherlands if this case goes any farther." He asked that the district court "traverse both the United Nations Treaty and United Nations Participation Act of 1945."

On August 15, 2011, this court filed its "Order Regarding August 12, 2011, Filing," stating that Nakamoto's August 12 submittal was not responsive to the court's earlier order seeking clarification and that Nakamoto still had until August 24 to respond to the order seeking clarification. The court stated, "If no such response is submitted, the court may deny the motion filed on July 19, 2011, without a hearing pursuant to Local Rule 7.2(d)."

On September 12, 2011, the court entered a minute order denying Nakamoto's motion, as the court had received nothing from Nakamoto that was responsive to the court's earlier ruling seeking clarification with respect to the motion. The minute order did not include any ruling on whether Nakamoto was or was not proceeding under § 2255 or whether Nakamoto's filing was or was not timely. Instead, the minute order reflected only Nakamoto's failure to clarify his motion.

Because Nakamoto's motion was unintelligible, was unclear as to what ruling Nakamoto was challenging and what provision he was proceeding under, and did not detail what error Nakamoto was asserting, no reasonable jurist could have made a ruling on the merits of the motion without clarification by Nakamoto. Given the absence of clarification by Nakamoto, no reasonable jurist would have granted the motion. To the extent a certificate of appealability may have been requested, it is therefore denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 20, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Kenneth Nakamoto v. Alan C. Kay, et al.; Civ. No. 11-00455 SOM/KSC; Cr. No. 92-01199
ACK ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY